Angeliki McMINN and Michael McMinn, Plaintiffs,

v.

CONSOLIDATED RAIL CORPORATION a/k/a Conrail and Lance L. Ehrhardt, Defendants.

CONSOLIDATED RAIL CORPORATION and Lance L. Ehrhardt, Defendants/Third–Party Plaintiffs,

v.

BOROUGH OF HARRINGTON PARK and County of Bergen, Third–Party Defendants.

No. 84 Civ. 6874 (JES).

United States District Court, S.D. New York.

July 31, 1989.

Trolman & Glaser, P.C., New York City (Marc Jay Bern, of counsel), for plaintiffs.

Walker & Bailey, New York City (Lawrence R. Bailey, Jr. and De Nice Powell, of counsel), for defendant/third-party plaintiff Consolidated Rail Corp.

Hogan, Jones & Parisi, P.C., New York City (Sherman B. Kerner, of counsel), for third-party defendant Borough of Harrington Park.

Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski, New York City (Haydn J. Brill, of counsel), for third-party defendant County of Bergen.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

This action involves a collision between a Consolidated Rail Corporation ("Conrail") train and an automobile operated by plaintiff, Angeliki McMinn.[1] Jurisdiction is based on diversity of citizenship, and the parties agree that New Jersey law is controlling. The case was tried to a jury, which found that Conrail was negligent in failing to maintain a safe railroad crossing by not providing gates and bells and in failing to maintain timbers along the rail, and that plaintiff's comparative negligence was 25%. Conrail moves for judgment notwithstanding the verdict or a new trial, and third party defendants Borough of Harrington Park and County of Bergen move for the same relief.[2] For the reasons that follow, the Court reserves decision on the motion for a new trial, and all other motions are denied.[3]

Briefly, the facts as the jury could have found them are as follows. Plaintiff was driving her automobile toward a Conrail crossing, and she did not see the flashing lights at the crossing because glare from the sun "washed out" the lights. The crossing did not have automatic gates or bells, although there was testimony that the train's bell was ringing. Plaintiff approached the tracks slowly because she was aware of loose timbers on the track, and intended to change the gears of her standard shift auto when she slowed down. She stopped with the front end of the auto

---

1. Plaintiffs are Angeliki and Michael McMinn, but for the purposes of this motion references to "plaintiff" are to Angeliki McMinn, who was operating the automobile at the time of the accident.

2. The jury found Bergen to be 7.5% liable and Harrington Park to be 3.75% liable for failing to petition the State of New Jersey to install gates and bells at the crossing.

3. Harrington Park and Bergen move to set aside the jury verdict on the ground that the third party action against them is barred by the New Jersey Tort Claims Act. See N.J.Stat.Ann. § 59:1–1, et seq. (West 1982). Those motions are denied without prejudice to being renewed after the damages phase of the trial. This Memorandum Opinion addresses those motions only to the extent they impact on the issue of Conrail's liability to plaintiffs.

hanging over the tracks and then became aware of the train, but was unable to reverse in time. The train then struck the front left of the auto.

## DISCUSSION

■ Where a railroad crossing is extra-hazardous, *i.e.*, when a reasonably prudent person cannot use the highway in safety, the railroad must provide extra means to signal the approach of its trains. *See Di-Domenico v. Pennsylvania–Reading Seashore Lines*, 36 N.J. 455, 467, 178 A.2d 10, 17 (1962). Moreover, whether the crossing at issue here was extra-hazardous and whether Conrail was negligent were questions for the jury. *See Duffy v. Bill*, 32 N.J. 278, 293, 160 A.2d 822, 830 (1960).

■ Conrail argues, however, that plaintiff was so negligent in failing to observe the train and in stopping with the front end of her auto over the tracks that she was as a matter of law over fifty percent responsible for the accident. If this were true, plaintiff could not prevail in this action. *See* N.J.Stat.Ann. § 2A:15–5.1 (West 1987).

Conrail argues primarily that if plaintiff had looked she would have seen the train, and that she should not have stopped to change gears while her vehicle was in the path of the train. Plaintiff, however, argues that if Conrail had provided an adequate warning system at the crossing, she would have been alerted to the approach of the train and would not have been in a position to be hit.

Since the jury could have rationally concluded from the evidence presented that plaintiff's negligence was not primarily responsible for the accident, Conrail's motion must be denied. This is especially true since the assessment of degrees of fault is a matter most appropriate for resolution by

a jury, and unless there is no colorable or rational support for the jury's assessment of relative culpability, its assessment should not be disturbed. *See Newmont Mines, Ltd. v. Hanover Ins. Co.*, 784 F.2d 127, 132 (2d Cir.1986); *cf. Eden v. Conrail*, 87 N.J. 467, 473–74, 435 A.2d 556, 559 (1981). In sum, the Court cannot say that, as a matter of law, the jury's conclusion that plaintiff was only 25% negligent in approaching the crossing as she did was not reasonably supported by the evidence.[4]

■ Conrail next argues that it cannot be deemed negligent because the safety devices at this crossing had been approved by the State of New Jersey. However, a railroad is under a duty to consider changing conditions and alter its warning systems accordingly. *See DiDomenico, supra*, 36 N.J. at 471, 178 A.2d at 19. Although Conrail argues that the crossing was approved by the state and that it could not have effected a change without the approval of New Jersey authorities, the duty to provide a safe crossing is on the railroad, and the railroad cannot absolve itself from liability merely by complying with state regulations. *See id.* at 470, 178 A.2d at 18–19. Moreover, if the crossing could not be made safe because of a refusal by the state to permit a better warning system, Conrail could have challenged that state refusal in an appropriate manner and sought permission to discontinue service along that line until the issue was resolved by litigation.[5]

Next, Conrail argues that plaintiff failed to establish that any inadequate warnings proximately caused the accident because she did not rely on the lights at the crossing, but intended to change gears in the crossing. Plaintiff, however, argues that she would not have crossed onto the tracks if a sufficient warning system had been

---

4. *George Siegler Co. v. Norton*, 8 N.J. 374, 86 A.2d 8 (1952), and other cases cited by Conrail in support of its argument that plaintiff was negligent in not looking for the train are not controlling because when those cases were decided *any* contributory negligence by plaintiff was a complete defense. *See id.* at 384–85, 86 A.2d at 13. Under the present statute, the jury must apportion the fault among the tortfeasors and plaintiff is only barred if comparative negli-

gence is greater than 50%. *See* N.J.Stat.Ann. § 2A:15–5.1.

5. In this case it is especially inappropriate for the railroad to seek to absolve itself of liability on this ground because it was hardly vigorous in its effort to persuade the appropriate regulatory authorities that changes should be made at the crossing.

present as a substitute for an unobstructed view of the tracks and that there was therefore a causal relationship between the inadequate warning system and her being in a position to be hit by the train.

■ Proximate cause is satisfied when the negligent conduct is a substantial contributing factor in causing the loss. *See Kelly v. Gwinnell,* 96 N.J. 538, 543, 476 A.2d 1219, 1221 (1984) (quoting *Rappaport v. Nichols,* 31 N.J. 188, 203, 156 A.2d 1, 9 (1959)); *Ettin v. Ava Truck Leasing,* 53 N.J. 463, 483, 251 A.2d 278, 289 (1969); *Lamb v. Barbour,* 188 N.J.Super. 6, 12, 455 A.2d 1122, 1125 (App.Div.1982). In applying that standard, the Court cannot say that the jury's finding that the defendant's conduct was a proximate cause of the accident lacked rational support. In addition, the Court rejects the argument that plaintiff's negligence was an unforeseeable intervening cause of the accident. The risk of a driver going on the track where there are no gates or bells to warn of an approaching train is a foreseeable or normal incident of the risk created by an inadequate warning system. *Cf. Torsiello v. Whitehall Laboratories,* 165 N.J.Super. 311, 326–27, 398 A.2d 132, 140 (App.Div. 1979).

Conrail also asserts that the Court's charge on proximate causation was in error. However, the charge fairly instructed the jurors that proximate cause could only be established if Conrail's negligence was a significant contributing factor to the accident. In any event, since the jury found that Conrail was 75% responsible for the accident, there can be no question that the jury was convinced that defendant's conduct was a substantial factor. Therefore, any error in the Court's charge was harmless in the face of that finding.

The jury finding that the timbers on the tracks were poorly maintained, however, must be set aside. Even if the timbers were poorly maintained, plaintiff has advanced no reason why that circumstance could have played any role in the accident.

## CONCLUSION

For the reasons set forth above, Conrail's motion for judgment notwithstanding the verdict is denied, and the motions of Harrington Park and Bergen are denied without prejudice. The Court will reserve decision on Conrail's motion for a new trial until after the damages phase of the trial has been completed. All parties shall be ready for trial of damage issues on forty eight hours notice on or after September 5, 1989.

It is SO ORDERED.